# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-0271V

| | |
|---|---|
| MARGO MOSES,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: July 31, 2024 |

*Churchill Hungerford Huston, Churchill Huston Law, LLC, Philadelphia, PA, for Petitioner.*

*Camille Jordan Webster, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On March 10, 2022, Margo Moses filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury following an influenza vaccine she received on October 13, 2020. Petition, ECF No. 1. On January 26, 2024, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 54.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $17,959.17 (representing $16,900.00 in fees plus $1,059.17 in costs). Application for Attorneys' Fees and Costs ("Motion") filed March 6, 2024, ECF No. 58. Furthermore, counsel for Petitioner represents that he will reimburse Petitioner for any personal out-of-pocket costs incurred by Petitioner related to this matter. *Id.* at 1-2.

Respondent reacted to the fees motion on March 6, 2024, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Motion at 2-3, ECF No. 59. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests the hourly rate of $500 for work performed by her attorney Churchill Huston for time billed in the 2021-24 timeframe. This rate requires adjustment.

Mr. Huston has been a licensed attorney since 1999 (ECF No. 58 at 1), placing him in the category of attorneys with 20 - 30 years' experience set forth on the OSM Attorneys' Forum Hourly Rate Fee Schedules.[3] As such, Mr. Huston is eligible for hourly rates between $414 - $563 for work performed between 2021-24.

However, although Mr. Huston's requested hourly rate falls inside the OSM Rate Fee Schedule range relevant to his level of experience, he seeks a rate on the higher end of the range – despite his lack of significant experience handling Vaccine Program matters, with this being his second case representing Petitioners in the Program. Determining a reasonable forum hourly rate is contingent, among other factors, on Mr. Huston's years of experience representing Petitioners in the Vaccine Program. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

In addition, Mr. Huston has not received an hourly rate increase since 2017, at which time he was awarded **$300 per hour** for that year. *See Reeder* v. *Sec'y of Health & Human. Servs.,* No. 16-1439V, Slip Op. 31 (Fed. Cl. Spec. Mstr. April 18, 2017). Even allowing for increases each year since, a $500 per hour rate is excessive. Instead, and based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys, **I hereby award Mr. Huston the following hourly rates: $350 for time billed in 2018-19; $394 for time billed in 2020; $414 for time billed in 2021; $427 for time billed in 2022; $450 for time billed in 2023; and $475 for time billed in**

---

[3] The OSM Attorneys' Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claims website at http://www.cofc.uscourts.gov/node/2914.

**2024.** Application of the foregoing reduces the amount of fees to be awarded herein by **$2,201.70.**[4]

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 60. I find the requested costs reasonable and hereby award them in full.

### CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part, Petitioner's Motion for attorney's fees and costs. **I award a total of $15,757.47 (representing $14,698.30 in fees plus $1,059.17 in costs) in the form of a check jointly payable to Petitioner and his counsel, Churchill H. Huston.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

s/Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[4] This amount is calculated as: ($500 - $414 = $86 x 5.00 hrs.) + ($500 - $427 = $73 x 17.90 hrs.) + ($500 - $450 = $50 x 7.7 hrs.) + ($500 - $475 = $25 x 3.2 hrs.) = $2,201.70

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.